IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

**RON APPLE,**

        **Petitioner,**

**v.**                                             **No. CIV 04-775 BB/DJS**

**FEDEX GROUND PACKAGE SYSTEM, INC.,**

        **Respondent.**

**MEMORANDUM OPINION
AND
ORDER AFFIRMING ARBITRATION**

**THIS MATTER** comes before the Court on Respondent's *Motion to Vacate* [doc. #1] and Petitioner's *Motion to Enforce Arbitration Award* [doc. #11]. The Court having fully reviewed all submissions of counsel, finds the arbitration award must be **AFFIRMED**.

*Facts*

Petitioner, Ron Apple, entered into an Agreement with Respondent, FedEx Ground Package System, Inc., on July 14, 1998, wherein he was to provide daily pick-up and delivery services to FedEx. Clause 12.3 of the Agreement provides any controversy arising out of the termination of the contract will be settled under the Commercial Arbitration Rules of the American Arbitration Association. A controversy arose

regarding termination of the contract in June 2003, and the matter was submitted by the parties to an Albuquerque attorney with substantial experience in commercial litigation. Subparagraph (e) of Clause 12.3 provides *inter alia*:

> If the arbitrator concludes the termination was within the terms of this Agreement, the termination shall be effective on the date specified in the notice of termination from FedEx Ground to Contractor. If the arbitrator concludes the termination was not within the terms of this Agreement, then, at the option of FedEx Ground: (1) the Contractor shall be reinstated within a reasonable period of time, not to exceed 90 days from the Company's receipt of the arbitrator's decision, and in that event shall be entitled to damages equal to the arbitrator's determination of what Contractor's net earnings (after payment of all expenses which are borne by Contractor pursuant to this Agreement) would have been during the period between the date of termination and the date of reinstatement, or (2) Contractor shall nevertheless be terminated, and, in that event, <u>shall be entitled to damages equal to the arbitrator's determination of what Contractor's net earnings (after payment of all expenses which are borne by Contractor pursuant to this Agreement) would have been</u> during the period between the date of termination to the last day of the term of this Agreement (without any renewals). Contractor shall have no claim for damages in any other amount, and the arbitrator shall have no power to award punitive or any other damages.

(Emphasis added.) FedEx chose not to reinstate Apple and subject itself to option (2), damages based on "net earnings."

Subparagraph (f) requires only that "[t]he arbitrator shall provide the parties with only a written determination of the outcome of the arbitration, without accompanying opinion...." In accordance with subparagraph (f) and "without accompanying opinion," the arbitrator determined Apple's "net earnings for one year after termination would have been $98,678.00." He further directed FedEx pay the

2

administrative fees of the American Arbitration Association in an amount of $6,087.40. FedEx now challenges the award under 28 U.S.C. § 1332 on the ground it is "arbitrary and capricious as there is no rational basis for the amount of the award," and "[t]he award is in violation of the policy against unjust enrichment." (Mot. to Vacate at 3.) Counsel for Apple moved to affirm on the basis that under R-45(a) of the American Arbitration Association, "the arbitrator may grant any remedy or relief that the arbitrator deems just and equitable within the scope of the agreement of the parties." (Mot. to Enforce at 5-6.)

### *Standard of Review*

An arbitrator's decision will be enforced if it draws its essence from the contract of the parties. *United Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593 (1960); *Cal-Circuit ABCO, Inc. v. Solbourne Computer, Inc.*, 848 F. Supp. 1506 (D. Colo. 1994). A district court's standard in considering the validity of an arbitration award has "been described as 'among the narrowest known to the law.'" *Bowen v. Amoco Pipeline Co.*, 254 F.3d 925, 932 (10th Cir. 2001) (quoting *ARW Exploration Corp. v. Aguirre*, 45 F.3d 1455, 1462 (10th Cir. 1995)).

### *Discussion*

FedEx argues the arbitrator erred in awarding Apple more in damages than he requested. Their syllogism proceeds as follows:

> The agreement between the parties allowed Petitioner to be awarded his net earnings for the one-year period following an improper

3

**termination of his contract. In his list of damages filed with the American Arbitration Association, Petitioner alleged those damages to be $36,000.00 per year. ... No oral testimony was provided as to Petitioner's net earnings. Petitioner did not submit documentary evidence as to his net earnings. ... The only evidence of net earnings before the arbitrator was documentary evidence submitted by Respondent of Petitioner's prior tax returns. ... Petitioner's income tax returns indicate that his net earnings from his pick-up and delivery service business never exceeded $32,000.00 in a given year.**

**Mot. to Vacate at 3.**

**The FedEx argument is, however, both factually and legally flawed. Factually, Petitioner Apple submitted a damages petition on March 1. It included his gross income and several potentially appropriate deductions which the arbitrator could have used to reach "net earnings." The damages submitted include:**

### DAMAGES

1. **Loss of Income. $210,000.00 gross income at FedEx for the 2002. Gross income at Weber Distribution $16,000.00. Adjusted gross at FedEx $35,000. Adjusted gross at Weber, approximately 0. Projected income loss for 10 years is $360,000.00.**
2. **Loss of retirement. 8 years invested. Claimant is 60 years old in April and could have retired at 70.**
3. **Loss on sale of route I. Route valued at $25,000.00, received $20,000.00.**
4. **Loss on sale of route II. Route valued at $25,000.00, has received on 2 payments for a total of $1,600.00.**
5. **Loss on sale of route III. Route valued at $25,000.00, has received 7 payments, still owed $14,400.00.**
6. **Exposure on sale of trucks. Buyers assumed payments. Claimant remains responsible for missed payments. Equity is being paid by purchaser. Still owes approximately $20,000.00. Equity on second truck is approximately $1,000.00. Equity on third truck approximately $8,000.00. Fourth truck equity lost $5,000.00. Fifth truck equity lost $10,000.00.**

>    7.  **Emotional distress.**
>    8.  **Damage to credit.**

Apple also submitted several 1040 tax filings and apparently testified (no record was taken) in support of those figures. Respondent nonetheless argues Petitioner only requested and submitted evidence to support damages of $36,000.00. Respondent thus would focus exclusively on Apple's "adjusted gross income" and limit Petitioner to that figure. The Agreement, however, does not use the IRS term "adjusted gross income" but rather "net earnings (after payment of all expenses which are borne by Contractor pursuant to this Agreement)" as the measure of damages. Moreover, the above submission does not indicate Petitioner only requested his "adjusted gross income" of $36,000.00. Rather, Petitioner provided the arbitrator the raw data from which to calculate "net income." According to the tax records submitted by FedEx, Apple's gross income from FedEx had gone from $93,000.00 in 2000, to $177,000.00 in 2001, to $224,000.00 in 2002, when the contract was wrongfully terminated in 2003. Following the trend, it could be assumed the gross income in 2003 may well have been even higher. From that amount the arbitrator apparently subtracted expenses Apple did not have to pay following termination of the Agreement – *e.g.*, salaries for his laid-off employees, gas and repairs, etc. Arbitrators only need clearly state resolution of the issue submitted and need not provide reasons or process. *Geneva Securities, Inc. v. Johnson*, 138 F.3d 688, 692 (7th Cir. 1998). The mere absence of stated reasons will not support a conclusion the arbitrator disregarded the law. *Stroh Container Corp. v. Delphi Indus.,*

*Inc.*, 783 F.2d 743, 750 (8th Cir. 1986). Since the parties here expressly prohibited the arbitrator from writing an opinion to explain his thought process, all this Court need do is see that the record contains sufficient raw data from which the arbitrator could rationally derive "net profits" from the data submitted. *Card v. Stratton Oakmont*, 933 F. Supp. 806 (D. Minn. 1996). Damages will not be modified by the Court unless a mathematical error appears on the face of the award. *Apex Plumbing Supply, Inc. v. U.S. Supply Co.*, 142 F.3d 188, 194 (4th Cir. 1998).

Even if Petitioner had requested just his "adjusted gross income," however, the arbitrator is not limited to awarding damages strictly conforming with petitioner's prayer for relief, but may award any damage contemplated by the agreement. *Koch Oil, S.A. v. Transocean Gulf Oil Co.*, 751 F.2d 551 (2d Cir. 1985); *Cal-Circuit ABCO v. Solbourne Computer*, 848 F. Supp. at 1506. There is no rule restricting the arbitrator to the prayer so long as Respondent has notice of the type of damages sought. *Team Scandia, Inc. v. Greco*, 6 F. Supp. 2d 795, 801 (S.D. Ind. 1998); *Dean Witter Reynolds, Inc. v. Bork*, 1991 WL 164465* 4 (E.D. Pa. 1991).

Respondent's public policy argument based on "unjust enrichment" is also flawed. Initially, since the Agreement called for damages based on net profits, FedEx can hardly complain that net profits provides "unjust enrichment." Moreover, such a public policy "must be well defined and dominant, and is to be ascertained 'by reference to the laws and legal precedents and not from general considerations of supposed public interests.'"

*W.R. Grace & Co. v. Local Union 759, Int'l Union*, **461 U.S. 757, 766 (1983) (quoting** *Muschany v. United States*, **324 U.S. 49, 66 (1945).** *See also United Paperworkers Int' Union, AFL-CIO v. Misco, Inc.*, **484 U.S. 29, 43 (1987) (public policy a rarely used ground).  Respondent has provided no New Mexico law or legal precedent demonstrating the "unjust enrichment" the parties contracted for would violate public policy.  In fact, in recently rejecting a very similar argument, the New Mexico Court of Appeals noted the legislature had not only permitted but mandated the concept of "unjust enrichment" into the statute prohibiting unlicenced contractors from recovering** *in quantum meruit* **for work performed.** *Gamboa v. Urena*, **90 P.3d 534, 537 (N.M. App. 2004).  This is consistent with other New Mexico precedent finding unjust enrichment is not in conflict with public policy.** *See, e.g., Schnoor v. Griffin*, **439 P.2d 922 (N.M. 1968).**

**Legally, Respondent misapprehends the function of this Court in considering an arbiter's award.  It is not the role of the district court to "allow the disappointed party to bring his dispute into court by the back door, arguing he is entitled to appellate review of the arbitrators' decision."** *Baravati v. Josephthal, Lyon & Ross, Inc.*, **28 F.3d 704, 706 (7th Cir. 1994).  "Errors in either the arbitrator's factual findings or his interpretation of the law ... do not justify review or reversal.** *Denver & Rio Grande W. R. Co. v. Union Pac. R. Co.*, **119 F.3d 847, 849 (10th Cir. 1997).** *French v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, **784 F.2d 902, 906 (9th Cir. 1986).  When there is**

"even a barely colorable justification for the outcome reached," the court should affirm the award. *Willemijn-Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 13 (2d Cir. 1997). The party challenging the damage award has the burden of showing it is contrary to an "explicit contractual provision." *Westerbeke Corp. v. Daihatsu Motor Co.*, 304 F.3d 200, 223 (2d Cir. 2002); *Wall Street Assocs. L.P. v. Becker Paribas Inc.*, 27 F.3d 845, 849 (2d Cir. 1994). Respondent has failed to meet this burden.

### O R D E R

For the above stated reasons, the Respondent's *Motion to Vacate and/or Partially Vacate Award* is DENIED and Petitioner's *Motion to Enforce Arbitration Award* is GRANTED.

SO ORDERED this 9th day of December, 2004.

                                                            **BRUCE D. BLACK**
                                                            United States District Judge

**For Petitioner:**
    F.D. Moeller, Farmington, NM
**For Respondent:**
    Theresa W. Parrish, RODEY DICKASON SLOAN AKIN & ROBB, Albuquerque, NM
    Steve Dennis, REID & ASSOCIATES, Dallas, TX